17-2880
United States v. Juvenile Male aka Desorden aka Dylan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand eighteen.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
                   Circuit Judges,
           JED S. RAKOFF,*
                   District Judge.

- - - - - - - - - - - - - - - - - - - - -X
JUVENILE MALE aka DESORDEN aka DYLAN,

           Defendant-Appellant,

           -v.-                                              17-2880

UNITED STATES OF AMERICA,

           Appellee.
- - - - - - - - - - - - - - - - - - - - -X

---

* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:    GLENN A. OBEDIN, Law Office of
                            Glenn A. Obedin, Central Islip, NY.


FOR APPELLEE:               JO ANN M. NAVICKAS, PAUL G.
                            SCOTTI, JOHN J. DURHAM, Assistant
                            United States Attorneys, <u>for</u> Richard P.
                            Donoghue, United States Attorney for
                            the Eastern District of New York, New
                            York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

C.A., a juvenile male, appeals a memorandum and order granting the government's motion to proceed against him as an adult pursuant to 18 U.S.C. § 5032. C.A. argues that the district court improperly balanced the six factors used to determine whether to proceed against juveniles as adults, and thereby abused its discretion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

C.A. is a suspected member of the La Mara Salvatrucha gang, also known as MS-13, and has been charged with racketeering, racketeering conspiracy, conspiracy to murder, murder, attempted murder, and assault with a dangerous weapon in violation of 18 U.S.C. §§ 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(c), and 1962(d). Specifically, C.A. is accused of shooting a rival gang member on January 15, 2016 outside of a public library in Brentwood, New York. C.A. was arrested and released on bail. C.A. is further accused of conspiring to kill another alleged MS-13 member, Jose Pena, who was suspected of being gay and who was thought to be cooperating with the police investigation of the January 15 shooting. Pena was stabbed to death in a forest on June 3, 2016, while C.A. was out on bail.

We review an order transferring a juvenile to adult status for abuse of discretion. United States v. Nelson, 68 F.3d 583, 588 (2d Cir. 1995). An abuse of discretion occurs when a district court "fails to make the required factual findings or where the findings it does make are clearly erroneous." Id.

A juvenile aged 15 or more, who is alleged to have committed a crime that would be a felony crime of violence if committed by an adult, may be prosecuted as an adult if a district court, upon a motion by the Attorney General, finds such transfer to be in the interest of justice. See 18 U.S.C. § 5032. Six factors bear upon transfer:

> [1] the age and social background of the juvenile; [2] the nature of the alleged offense; [3] the extent and nature of the juvenile's prior delinquency record; [4] the juvenile's present intellectual development and psychological maturity; [5] the nature of past treatment efforts and the juvenile's response to such efforts; [and 6,] the availability of programs designed to treat the juvenile's behavioral problems.

Id. "The six statutory factors need not be accorded equal weight by the district court, which may balance the factors in any way that seems appropriate to it." Nelson, 68 F.3d at 588. "[W]hen a crime is particularly serious, the district court is justified in weighing [the second] factor more heavily than the other[s]," particularly given "the heinous nature of the crime of intentional murder." Id. at 590.

C.A. concedes that he is eligible for prosecution as an adult but argues that the court abused its discretion by according undue weight to the second factor (the nature of the alleged offense) and insufficient weight to the fifth and six factors (prior treatment and availability of treatment programs). This argument fails as an initial matter because the district court may balance the factors as it sees fit. And although the court did accord more weight to the second factor, see App'x 86, this was not an abuse of discretion given the seriousness of the alleged crimes, which include intentional murder.

C.A. argues that prior treatment should have been given more weight; but the court found this factor to be neutral because C.A. never participated in

3

mental health treatment.  And we see no evidence that the court afforded less weight to the sixth factor--which it found weighed against transfer because the government did not prove that programs designed to treat C.A.'s behavior were unavailable--than to the first, third, and fourth factors.  In any event, even assuming the court afforded less weight to the fifth and sixth factors, the record contains no evidence suggesting that rehabilitative programs would have positive results.  We cannot say that the district court abused its discretion in weighing the severity of the allegations more heavily than the hypothetical prospect of rehabilitation.

We have considered C.A.'s remaining arguments and find them to be without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK